IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyvia Robinson,                              :
                    Petitioner               :
                                             :
                                             :  No. 708 C.D. 2021
            v.                               :
                                             :  Submitted:  November 19, 2021
City of Philadelphia (Workers'               :
Compensation Appeal Board),                  :
                    Respondent               :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: August 16, 2022


            Tyvia Robinson (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board), dated June 3, 2021, that affirmed the
decision and order of a Workers' Compensation Judge (WCJ), dated September 9,
2020.  The WCJ granted the modification petition filed by the City of Philadelphia
(Employer) and changed Claimant's benefit status from temporary total to partial
benefits based on the results of an impairment rating evaluation (IRE).  Upon review,
we affirm the Board's order.

## Background

            The pertinent facts of this case are not in dispute.  On August 15, 2015,
Claimant sustained a work-related injury in the nature of a right thumb contusion when

a door closed on her thumb in the course of her employment with Employer. (WCJ Decision, 08/30/20 at 3, Finding of Fact (F.F.) No. 1.) The injury was recognized by Employer via a Notice of Compensation Payable. (F.F. No. 2.) On May 10, 2019, Employer requested Claimant undergo an IRE. (F.F. No. 3.) On February 7, 2020, Claimant underwent an IRE performed by Lynn W. Yang, D.O., using the American Medical Association Guides (AMA Guides). (F.F. No. 4.) Dr. Yang opined Claimant had reached maximum medical improvement (MMI) and concluded Claimant's Whole-Body Impairment (WBI) was 15%. (F.F. Nos. 4, 6.) Notably, as of May 10, 2019, Claimant had received at least 104 weeks of temporary total disability benefits. (F.F. No. 7.) Because Claimant's WBI was less than 35%, on February 28, 2020, Employer filed the modification petition seeking to have Claimant's benefits changed from temporary total disability to partial disability benefits.

Before the WCJ, Claimant did not offer any medical evidence to challenge the impairment rating. (F.F. No. 5.) Instead, Claimant argued the modification petition should be denied because Act 111[1] is unconstitutional, as a retroactive application of the statute violates various provisions of the Pennsylvania and United States Constitutions, including "the due process clause, ex[]post facto clause, and due course remedies clause." (WCJ Decision, 08/30/20 at 5.)

By Decision and Order circulated on September 9, 2020, the WCJ granted Employer's modification petition. The WCJ noted "in *Pennsylvania AFL-CIO*[ ] *v. Commonwealth of Pennsylvania*, 219 A.3d 306 (Pa. Cmwlth. 2019), [this] Court held

---

[1] Act of October 24, 2018, P.L. 714, No. 111. Act 111 repealed an unconstitutional IRE provision and replaced it with a new IRE provision, Section 306(a.3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of Act 111, 77 P.S. § 511.3, that was virtually identical and effective immediately. Act 111 specifically incorporated and adopted the use of the AMA's *Guides to the Evaluation of Permanent Impairment*, 6th edition (second printing April 2009), for performing IREs.

2

Section 306(a.3) did not violate the state constitutional restriction on delegation of the legislature's general authority." (WCJ Decision at 5.) The WCJ declined to address Claimant's other constitutional challenges to Act 111 but noted that they were preserved for appeal. *Id.* The WCJ concluded that Employer met its burden of proving that Claimant had reached MMI and had a WBI rating of 15% based upon the IRE of Dr. Yang. (WCJ's Decision, Conclusion of Law (COL) ¶ 2.) Consequently, the WCJ modified Claimant's disability status from temporary total disability to partial disability benefits effective February 7, 2020, the date of the IRE, and ongoing for a maximum of 500 weeks. (WCJ Order, 08/30/20.)

Subsequently, Claimant appealed to the Board, arguing that the application of Act 111 to her was unconstitutional. The Board framed Claimant's issues as a challenge to the constitutionality of the retroactive application of Act 111 to her injury, and also, that 104 weeks had not passed since Act 111 was enacted and therefore, Employer's modification petition was premature. (Board Opinion and Order at 2.) The Board stated its review does not encompass constitutional issues; however, these issues on appeal have been addressed by this Court in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021). (Opinion and Order of the Board at 2-3.) Therefore, the Board rejected Claimant's arguments and affirmed the WCJ's Decision.

Claimant's appeal to this Court followed.

## Discussion

On appeal,[2] Claimant argues that Act 111 is unconstitutional when retroactively applied to work injuries sustained before its enactment. Claimant asserts that retroactive application of Act 111 would deprive her of a vested property right in violation of due process and the right to due course of law under the Remedies Clause of article 1, section 11 of the Pennsylvania Constitution, Pa. Const. art. 1, § 11.[3] Claimant recognizes that this Court rejected this same constitutional attack on Act 111 in *Pierson*, but nonetheless, asks this Court to reconsider this decision.[4] Specifically, Claimant challenges the credit provisions of Section 3 of Act 111, which states:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the [A]ct, an **insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph**. This section shall not be construed to alter the requirements of section 306(a.3) of the [A]ct.

---

[2] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

[3] In pertinent part, the Remedies Clause provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

Pa. Const. art. I, § 11.

[4] Claimant states in her Petition for Review that the Board's and WCJ's determinations were not supported by substantial evidence; however, this issue was not preserved in her appeal to the Board. Moreover, Claimant does not discuss or develop this issue in her brief. Therefore, this issue has been waived. *See Beaver Valley Slag, Inc. v. Marchionda (Workers' Compensation Appeal Board)*, 247 A.3d 1212, 1221 (Pa. Cmwlth. 2021).

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the [A]ct, **an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.**

Act 111, § 3(1), (2) (emphasis added). Claimant maintains that Employer should not be entitled to credit for the weeks it paid Claimant total disability benefits prior to Act 111's effective date. Claimant further argues the retroactive application reduces her vested rights. (Claimant's Br. at 12.)

As the Board noted, we recently addressed the issue of retroactive application of Act 111 in *Rose Corporation*, 238 A.3d 551. In *Rose Corporation*, we recognized that "[t]he plain language of Section 3 [of Act 111] evidence[d] legislative intent to give effect, **after** the passage of Act 111, to these weeks of [total and partial disability] compensation, although they were paid before the passage of Act 111." *Id.* at 562 (emphasis in original). Act 111 adds that "employers/insurers are given credit for weeks of total and/or partial compensation benefits paid prior to Act 111's enactment." *Id.* Therefore, we held that the claimant in *Rose Corporation* had already received 104 weeks of total disability benefits because Act 111 retroactively applied toward any weeks of total or partial benefits paid prior to Act 111's enactment. *Id.* Therefore, the employer could seek a new IRE and would be entitled to receive credit for the 104 weeks of total disability it previously paid to the claimant under Act 111 if the new IRE resulted in impairment less than 35%. *Id.*

In *Pierson*, we later reaffirmed that where the claimant sustained an injury prior to Act 111's enactment, the retroactive application of Act 111 does not deprive the claimant of his vested right to workers' compensation benefits. 252 A.3d at 1174. In *Pierson*, the claimant argued the IRE was invalid as he had not received 104 weeks of temporary total disability benefits after Act 111 was enacted. *Id.* We disagreed and

5

held that it was "clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect." *Id.* at 1180 (citing *Rose Corporation*, 238 A.3d at 561-562). Moreover, we explained that the Claimant's vested rights were not affected by Act 111 because "there are reasonable expectations under the Act that benefits may change." *Id.* at 1177.

Here, Employer was permitted under Section 306(a.3)(1), to seek a new IRE, a modification based on the results, and a credit for disability benefits paid consistent with *Pierson*, 252 A.3d at 1179, and *Rose Corporation*, 238 A.3d at 563. Claimant's IRE occurred **after** Act 111 was enacted, and thus, it did not constitute a retroactive application of the law. Moreover, Act 111 did not automatically change Claimant's disability status or deprive her of vested rights, but instead, provided Employer with a way to pursue a change in Claimant's disability status by requiring medical evidence that Claimant's WBI was less than 35%. Claimant did not challenge her WBI rating.

This Court has consistently applied *Pierson* and rejected parallel contentions to those raised by Claimant. *See e.g., Hender-Moody v. American Heritage Federal Credit Union (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 16 C.D. 2021, filed February 15, 2022),[5] slip op. at 5-7; *Sochko v. National Express Transit (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022) slip op. at 9-10, 13; *Hazzouri v. Pennsylvania Turnpike Commission (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 889 C.D. 2021, filed April 28, 2022*); Harold v. Abate Irwin, Inc. (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022). Because our

---

[5] We may cite to unreported decisions of this Court issued after January 15, 2008, for their persuasive authority. 210 Pa. Code § 69.414(a).

analysis in *Rose Corporation* and *Pierson* is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111.

Accordingly, the Board's order is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyvia Robinson,                     :
            Petitioner       :
                         :
                         :   No. 708 C.D. 2021
       v.                  :
                         :
City of Philadelphia (Workers'  :
Compensation Appeal Board),   :
            Respondent   :

## ***ORDER***

AND NOW, this 16th day of August, 2022, the order of the Workers' Compensation Appeal Board, dated June 3, 2021, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge